IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>SHAWN NORRIS,<br><br>      Defendant. | 4:25CR3023<br><br><br>ORDER |

  A telephone status conference was held today. Defendant has moved to continue the pretrial motion deadline, (Filing No.159), because Defendant needs additional time to decide if any pretrial motions are necessary and, further, to consider and decide whether to enter a guilty plea or go to trial. The motion to continue is unopposed. Based on the showing set forth in the motion and comments of counsel during the telephone conference, the court finds good cause has been shown and the motion should be granted. Accordingly,

  IT IS ORDERED:

1)  Defendant's motion to continue, (Filing No. 159), is granted.

2)  Pretrial motions and briefs shall be filed on or before September 19, 2025.

3)  A telephonic conference with counsel will be held before the undersigned magistrate judge at 9:00 a.m. on September 22, 2025 to discuss setting any pretrial motion hearing needed, a change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

4)  The court finds that the ends of justice served by granting the motion to continue outweigh the interests of the public and the defendants in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between today's date and September 22, 2025 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

  Dated this 21st day of July, 2025.

                               BY THE COURT:
                               *s/ Jacqueline M. DeLuca*
                               United States Magistrate Judge